# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>*ex rel.* MARK R. GACEK, SR., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PREMIER MEDICAL MANAGEMENT, )<br>INC., d/b/a PREMIER MEDICAL GROUP, )<br>)<br>    Defendant. ) | CIVIL ACTION 14-0342-WS-B |

## SHOW CAUSE ORDER

This matter comes before the Court on Premier's Motion to Unseal Original Complaint (doc. 71).

Relator, Mark R. Gacek, Sr., M.D., brought this *qui tam* action under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, against defendant, Premier Medical Management, Inc. On January 13, 2017, the Government filed a Notice (doc. 23) in which it formally declined to intervene in this action and proposed that certain contents of the court file (including Gacek's First Amended *Qui Tam* Complaint (doc. 21) but excluding his original Complaint (doc. 2)) be unsealed and served. On January 17, 2017, the undersigned entered an Order (doc. 24) that generally adopted the Government's proposal, including unsealing the First Amended *Qui Tam* Complaint but not the original Complaint. In a Motion filed nine months later, Premier Medical objects that the sealed status of the original Complaint places it "in the impossible, and Constitutionally forbidden, position of having to defend against allegations and claims that are hidden from it because they are contained in" the original Complaint. (Doc. 71, at 1.)

Normally, an amended complaint supersedes the complaint it amends and becomes the operative pleading. *See, e.g., Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg*

*v. M/V OLYMPIA VOYAGER*, 463 F.3d 121, 1215 (11th Cir. 2006)).[1] However, the Eleventh Circuit has recognized an exception to this rule where the amended complaint adopts the original complaint. *See, e.g., Schreane v. Middlebrooks*, 522 Fed.Appx. 845, 848 (11th Cir. July 2, 2013) ("we have determined that an amended complaint supersedes the initial complaint unless the amended complaint specifically refers to or adopts the initial complaint") (citation and internal quotation marks omitted); *Barnett v. Baldwin County Bd. of Educ.*, 60 F. Supp.3d 1216, 1225 (S.D. Ala. 2014) ("The amended complaint does not incorporate by specific reference … facts in the original complaint, and therefore, it does not fall under an exception to the general rule.").

As Premier Medical correctly points out, the *Dresdner Bank* rule is of little comfort here because in multiple places in the First Amended *Qui Tam* Complaint, Gacek references and re-alleges the entirety of his original Complaint in cursory fashion. *See* doc. 21, ¶¶ 5 ("Relator re-alleges all prior paragraphs of the Complaint as if set forth fully herein"), 113 ("Relator re-alleges all prior paragraphs of the Complaint and Amended Complaint as if set forth fully herein."), 116 (same), 121 (same), 124 (same), 127 (same). In the context of Gacek's 31-page, 133-paragraph Amended Complaint, this pleading tactic of generically adopting his less detailed original Complaint at every turn appears unnecessary, unhelpful, and obfuscatory.[2] Nonetheless,

---

[1] *See also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("when Mr. Hoefling filed the second amended complaint, the first amended complaint (and its attached exhibits) became a legal nullity"); *Pledger v. Reliance Trust Company*, 240 F. Supp.3d 1314, 1320 n.3 (N.D. Ga. 2017) ("the original pleading is abandoned by the amendment"); *Barnett v. Baldwin County Bd. of Educ.*, 60 F. Supp.3d 1216, 1224 (S.D. Ala. 2014) ("In this circuit, an amended complaint supersedes the complaint it amends and it becomes the operative complaint in the action."); *Galloway v. City of Abbeville, Ala.*, 871 F. Supp.2d 1298, 1304 (M.D. Ala. 2012) ("when a party files an amended complaint, the amended version supersedes the original").

[2] The Court would expect this circumstance of Gacek globally incorporating an earlier version of his pleading into a lengthy First Amended Complaint to be addressed and resolved during discovery in order to avoid needless ambiguity and confusion at trial as to exactly what Gacek's claims are and the factual allegations on which they are based. In other words, when asked during discovery to specify which allegations contained in the original Complaint but omitted from the Amended Complaint Gacek is relying on, relator must answer in specific terms and will be held to those responses. The Court does not expect this case to go to trial with a 31-page Amended Complaint that also adopts in unknown ways certain unidentified allegations from a previous 20-page iteration of the same document that Gacek might use to ambush opposing counsel and disrupt the proceedings.

given that Gacek has elected to plead his claims in that manner, Premier Medical would appear to have a compelling need to access the sealed original Complaint so that it is not unfairly blindsided by any hidden facts in that pleading that were not expressly restated in the Amended Complaint.

In light of these concerns, Gacek and the Government are **ordered** to **show cause** on or before **October 31, 2017** why Premier Medical's Motion to Unseal Original Complaint should not be granted. If no timely response is received, the Court will promptly enter an order granting the Motion.

DONE and ORDERED this 24th day of October, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE